## In the United States District Court
## for the District of Kansas

---

**United States of America**,
     Plaintiff,

v.              Case No. 19-10006-01 JWB

**Christopher M. Thompson**,
     Defendant.

---

### Defendant's Sentencing Memorandum

---

 A guideline sentencing range of 12 to 18 months[1] in prison is greater than necessary to punish 22-year-old Christopher Thompson for the threats he made over the phone on August 14, 2018. Instead, this Court should impose a non-prison sentence to achieve the goals of the sentencing factors set out in 18 U.S.C. § 3553(a).

 Chris Thompson did not grow up in a loving household surrounded by adoring parents. Rather, Chris was the product of a short-term high school romance. Before he was old enough to know that his parents had been a part of his life, Chris's father voluntarily terminated his parental rights and Chris's mother left him with his grandmother so she could join the Navy. Regrettably, during his childhood, Chris was exposed to some disturbing scenes due to the proximity of his grandmother's house to an abortion clinic in Wichita, Kansas. Pro-life protesters

---

[1] The guideline range determined by the United States Probation Office, PSR ¶126.

exercising their First Amendment right to free speech would sing at the clinic employees and patients that the "devil was going to get them" along with other phrases to promote their cause.

It's not surprising that without a father or strong male role model in his life, Chris sought negative attention by running away and rebelling in his teenage years. Yet he still very much loved his grandmother and was grateful to her for raising and supporting him. After Chris's grandmother died, he drifted aimlessly. When Chris met Ivory and they fell in love, he withdrew more from the world and into himself. But having a child finally did force Chris to start to grow up and take stock of his life. He has been a primary care giver to his son since he was born. The life of his son and his role as a father have given Chris's life meaning. Although he was struggling with depression, Chris started trying to improve himself by completing his education.

As a project for his education, Chris was researching his grandmother online and came across an article that cast his grandmother in a poor light.[2] Full of righteous indignation, Chris started calling the pro-life organization that sponsored the article to try to get it removed. Chris was crushed when he was told the article would not be taken down. Unbeknownst to him at the time, the article was from 2005. In a fit, he called the organization back and started saying outrageous things to upset the person he was talking to. Even after he was hung up on, Chris called and left scary voicemails. Almost as if he were singing a child's nursery rhyme,

---

[2] See Attachment A.

Chris chanted, "the devil is going to get you," in addition to his other disturbing threats. All of the calls took place on the same day and the calls were all made in a row without a meaningful break in between.

Mr. Thompson did not object to the sentencing guideline calculation submitted in his PSR. A two-level enhancement was added because the offense involved two or more threats. Under U.S.S.G. § 2A6.1(b)(2), threats are counted based on the number of threatening communications. *United States v. Parker*, 551 F.3d 1167 (10th Cir. 2008). Although Mr. Thompson did not qualify for the four-level reduction under the same guideline because his conduct was not a "single instance" – this is grounds for a variance. The four-level reduction requires that the threat is limited to a single instance evidencing little or no deliberation, and did not involve any conduct evidencing an intent to carry out the threatening communication.

Chris never had any intention to carry out his threats. He did not prepare - before or after his threats - to cause physical harm to anyone. The phone calls in this case were not the product of careful thought and premeditation. Chris's calls were made spontaneously, in anger, with little thought, while he was emotionally connecting the negative things said about his grandmother to the only woman who had shown him love growing up.

Compare the facts in this case with the appellate court decision in *United States v. Pacione*, 950 F.2d 1348, 34 Fed. R. Evid. Serv. (LCP) 1286 (7th Cir. 1991), *reh'g denied*, (Feb. 28, 1992). The court noted that the offense level of a defendant, who was convicted of violating 18 U.S.C.A. § 115(a)(1)(B) for threatening to assault a

3

federal revenue officer with the intent to impede, intimidate, or interfere with her performance of official duties, was reduced four levels for lack of deliberation under U.S.S.G. § 2A6.1. The defendant threatened the agent twice over the phone in the same conversation and then went to the IRS office an hour later with a friend to whom he said he was going to blow the place up. The defendant was angry because the Internal Revenue Service levied on his wife's paycheck shortly before she had an operation for cancer. Whether as a departure or a variance, Mr. Thompson is asking this Court to recognize the threats were not made after a period of premeditation and to grant him probation in lieu of prison.

Christopher Thompson is not political or invested in the policy choices surrounding access to abortion. Unlike the other threats the victim may have received due to her pro-life activism, Chris was not targeting anyone for their beliefs or religion. Immature and poorly equipped to navigate his own emotions, Chris made an impulsive decision to threaten a stranger out of misguided love and loyalty to his grandmother. Chris has made significant progress in changing who he is and how he handles anger while on pre-trial release. A sentence of probation would be sufficient without being greater than necessary to punish Chris while allowing him to build a life for himself and his family.

Respectfully submitted,

s/Jennifer Amyx
JENNIFER AMYX, Sup. Ct. No. 24260
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: Jennifer_Amyx@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Ryan C. McCarty
Assistant U.S. Attorney
Ryan.C.McCarty@usdoj.gov

s/Jennifer Amyx
JENNIFER AMYX, Sup. Ct. No. 24260